IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

PAUL THOMAS SHAW                        §

VS.                                                    §                    CIVIL ACTION NO. 1:23-CV-90

ANN PICKLE, DISTRICT ATTORNEY,    §
*et al.*,

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, Paul Thomas Shaw, a pre-trial detainee at the Jasper County Jail, proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Ann Pickle, District Attorney, Mitchell Newman, Sheriff, the Jasper County Court, the Jasper County District Court, and the Jasper County Sheriff Department.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendation for the disposition of the case.

Background

Plaintiff filed this civil rights action on March 3, 2023 (doc. # 1).  Plaintiff also filed a Motion to Proceed *In Forma Pauperis* on the same day, however, the motion did not include a certified income trust statement for the preceding six month period (doc. # 2).  On March 23, 2023, the undersigned ordered Plaintiff to provide a certified income trust statement for the preceding six month period within 20 days of entry of the order (doc. # 3).  In addition, the undersigned ordered Plaintiff to replead his cause of action within 20 days of entry of the order (doc. # 4).  More than ample time has passed, yet the court has received no response from Plaintiff.

Discussion

Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action for failure to prosecute or for failure to comply with any court order.  *Larson v. Scott*, 157 F.3d 1030,

1031 (5th Cir. 1998).  "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases."  *Boudwin v. Graystone Insurance Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626, 629 (1962)).  Plaintiff has failed to communicate with the court, failed to comply with this court's orders, and has failed to diligently prosecute this case.

Recommendation

This civil rights action filed pursuant to 42 U.S.C. § 1983 should be dismissed for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b).

Objections

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge.  28 U.S.C. § 636(b)(1)(c).

Failure to file written objections to the proposed findings of facts*,* conclusions of law and recommendations contained within this report within fourteen (14) days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error.  *Douglass v. United Servs. Auto. Ass'n.,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 12th day of May, 2023.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE

2